# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-124V
(not to be published)

| | |
|---|---|
| JENNIFER L. GOOD,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Filed: August 3, 2021<br><br>Decision by Stipulation; Damages;<br>Human Papillomavirus ("HPV") Vaccine;<br>Myelopathy; Transverse Myelitis ("TM"). |

*Thomas L. Knight*, Thomas L. Knight & Associates, Wheaton, IL, for Petitioner
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for Respondent

**DECISION ON JOINT STIPULATION**[1]

On January 27, 2017, Jennifer Good ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet., ECF No. 1. Petitioner alleges she developed neurological injury (myelopathy) and/or transverse myelitis and as a result of the human papillomavirus ("HPV") vaccination she received on January 7, 2014. *See* Stipulation ¶ 2, 4, dated August 3, 2021 (ECF No. 63); *see also* Petition.

Respondent denies "that the HPV immunization is the cause of petitioner's alleged

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

neurological injury, transverse myelitis, and/or any other injury." *See* Stipulation ¶ 6. Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed August 3, 2021 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

1. **Lump Sum Payments**

A lump sum of **$168,484.14**, representing compensation for satisfaction of the State of Illinois Medicaid lien, in the form of a check jointly payable to petitioner and

> Illinois Department of Health and Family Services
> Bureau of Collections
> Technical Recovery Section
> P.O. Box 19174
> Springfield, Illinois 62794-9174

Petitioner agrees to endorse this payment to the State;

A lump sum of **$125,000.00** in the form of a check payable to the Jennifer L. Good U.S. Grantor Reversionary Trust (the "Trust"); and

A lump sum of **$568,908.00** in the form of a check payable to petitioner, which includes $168,908.00 for future life care expenses for the first year follow the entry of judgment. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

2. **Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment. Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract,[3] as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

2. have one of the following ratings from two of the following rating organizations:
   a) A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b) Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c) Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d) Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of Petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to Petitioner as described in paragraph 10 and 11 of the attached Stipulation. This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JENNIFER L. GOOD,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | No. 17-124V<br>Special Master Katherine E. Oler<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jennifer L. Good ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the human papillomavirus ("HPV") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received an HPV vaccine on or about January 7, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the HPV vaccine caused her to develop neurological injury (myelopathy) and/or transverse myelitis and that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

1

6. Respondent denies that the HPV immunization is the cause of petitioner's alleged neurological injury, transverse myelitis, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. An amount sufficient to purchase the annuity contract described in paragraphs 10 and 11 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1] and
>
> b. A lump sum payment of **$168,484.14**, representing compensation for satisfaction of the State of Illinois Medicaid lien, payable jointly to petitioner and
>
> > Illinois Department of Healthcare and Family Services
> > Bureau of Collections
> > Technical Recovery Section
> > P.O. Box 19174
> > Springfield, Illinois 62794-9174.
>
> Petitioner agrees to endorse this payment to the State;
>
> c. A lump sum of **$125,000.00** in the form of a check payable to the Jennifer L. Good U.S. Grantor Reversionary Trust (the "Trust"); and
>
> d. A lump sum of **$568,908.00** in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).[2]

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] This sum includes $168,908.00 for future life care expenses for the first year following the entry of judgment.

2

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

   a. For future unreimbursable supplemental medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,735.20 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   b. For future unreimbursable medications, pain management, and supplies, beginning on the first anniversary of the date of judgment, an annual amount of $5,242.65 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   c. For future unreimbursable case management and ancillary home services, beginning on the first anniversary of the date of judgment, an annual amount of $5,825.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   d. For future unreimbursable transportation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,859.13 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

   e. For future unreimbursable equipment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $627.78 to be paid for the remainder of petitioner's

life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment; and on the anniversary of the date of judgment in year 2030, a lump sum of $741.09, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    f. For unreimbursable home modification expenses, on the anniversary of the date of judgment in year 2030, a lump sum amount of $10,080.00, then on the anniversary of the date of judgment in year 2040, a lump sum amount of $10,080.00, then on the anniversary of the date of judgment in year 2041, a lump sum amount of $5,262.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

    11. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically directly to the Jennifer L. Good U.S. Grantor Reversionary Trust for the following items of compensation:

> For future attendant care and home nursing expenses, beginning on the first anniversary of the date of judgment, an annual amount of $100,000.00 to be paid up to the anniversary of the date of judgment in year 2031, then beginning on the anniversary of the date of judgment in year 2031 an annual amount of $110,000.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment. Notwithstanding the foregoing, the Life Insurance Company shall not be liable and is under no obligation to pay $125,000.00 of the total amount that would otherwise be due in year 2052.[3]

---

[3] The Life Insurance Company is not responsible for $125,000.00 of the total amount that would otherwise be due in year 2052, because instead, the Jennifer L. Good U.S. Grantor Reversionary

4

The Trust will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

12. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and litigation costs incurred in proceeding upon this petition.

14. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

---

Trust will be seeded with $125,000.00 (*see* paragraph 8(c) of this Stipulation, above), which represents attendant care and home nursing expenses for the year 2052.

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 13, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the HPV vaccination administered on or about January 7, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about January 27, 2017, in the United States Court of Federal Claims as petition No. 17-124V.

18. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon written notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccine caused petitioner's alleged neurological injury, transverse myelitis, and/or any other injury or her current condition.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*[signature: Jennifer Good]*
JENNIFER L. GOOD

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature: Thomas L. Knight]*
THOMAS L. KNIGHT
THOMAS L. KNIGHT & ASSOCIATES
795 W. Hawthorne Blvd.
Wheaton, IL 60187
(630) 480-7280
tlklaw@outlook.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature: Heather L. Pearlman]*
HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*CAPT Dale Mishler, DHSc, APRN, for*
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Ryan D Pyles by Heather Pearlman*
RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847
ryan.pyles@usdoj.gov

Dated: 08/03/2021

8