# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: February 21, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| JENNIFER L. GOOD, | * | |
| | * | |
| Petitioner, | * | No. 17-124V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Thomas L. Knight*, Thomas L. Knight and Associates, PC, Wheaton, IL, for Petitioner.
*Heather L. Pearlman*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 27, 2017, Jennifer Good ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she developed myelopathy and/or transverse myelitis as a result of the human papillomavirus vaccination she received on January 7, 2014. *See* Petition, ECF No. 1. On August 3, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 64).

On December 4, 2021, Petitioner filed an application for final attorneys' fees and costs. ("Fees App.") (ECF No. 69). Petitioner requests total attorneys' fees and costs in the amount of $319,961.99, representing $301,006.50 in attorneys' fees and $18,955.49 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not personally incurred

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

any costs related to the litigation of this matter. Fees App. Ex. 21. Respondent responded to the motion on December 6, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 70). Petitioner filed a reply on December 9, 2021, reiterating her belief that the requested attorneys' fees and costs are reasonable.

This matter is now ripe for consideration.

I.      **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of her attorneys: for Mr. Thomas Knight, $509.00 per hour for all work performed in this case, from 2014 to 2021; and for Mr. Michael Knight, $370.00 per hour for all work performed in this case, also from 2014 to 2021. For the following reasons, the undersigned finds that these requested rates are unreasonable and therefore must be reduced.

Mr. Thomas Knight was admitted to practice law in 1970, giving him approximately 44 years of legal experience when he commenced work on this case in 2014 and placing him in the range of attorneys with 31+ years of experience on the OSM Attorneys' Forum Hourly Rate Fee

Schedules.[3] Mr. Knight's requested rate of $509.00 per hour is based on the highest rate for that experience range on the 2021 fee schedule. Despite this being Mr. Knight's first (and only) case within the Vaccine Program, the undersigned finds that it is a reasonable rate for his work in 2021. Although it is rare that an attorney with limited Vaccine Program-specific experience would command a top of the range rate, the undersigned is satisfied that Mr. Knight's work in the instant case warrants it. Mr. Knight's endeavored to meet court deadlines and ensured that this complicated case proceeded in a timely fashion, and there can be no doubt that his overall skill as a litigator played a major role in petitioner receiving a substantial award for her injury.

However, an hourly rate of $509.00 cannot be applied to prior years because it exceeds the maximum rate prescribed by the fee schedules for 2015-2020. Although Mr. Knight has made several arguments as to why he believes the Court should apply a higher than usual rate to his pre-2021 work, none of them are availing. For example, Mr. Knight argues that "[w]hile earlier year forum rates undoubtedly were lower than the 2021 schedule, [Petitioner]'s attorneys suggest that those rates likely were lower at least in large part because the cost of living was lower then, than it is now. And because [Petitioner]'s attorneys did not receive any remuneration for their work in any of those years, they did not have the benefit of their earlier year earnings until now, when the cost of living is obviously greater." Fees App. at 18. Mr. Knight further notes that "[t]o pursue a case for [over 7 years] without any cash flow or reimbursement for costs of litigation advanced, is both a significant financial sacrifice and a substantial financial risk." *Id.* at 22.

Petitioner overstates the risk of non-reimbursement. As long as a case proceeds with good faith and reasonable basis, then even if a Petitioner ultimately is not awarded entitlement, their attorney may receive attorneys' fees and costs reasonably incurred. *Avera*, 515 F.3d at 1352. In the undersigned's assessment of the case, there was no doubt that the case was filed in a good faith belief that Petitioner's vaccination caused her injury, and the claim never lost reasonable basis. Indeed, the fact that petitioner was able to file a quality expert report on December 18, 2017, is a strong indicator that the case would proceed with reasonable basis. Reasonable basis was strengthened even further in August of 2019 when the parties indicated they were beginning informal settlement negotiations. Thus, a more experienced Vaccine Program litigator would have recognized the chances of not being reimbursed in this case to be virtually non-existent.

Further, nothing prevented Petitioner from seeking interim attorneys' fees and costs at an earlier point in the case. In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera,* 515 F.3d at 1352.  The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.*  Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs*., 609 F.3d 1372, 1375 (Fed. Cir. 2010). Based on the duration and the expert costs accumulated in this case, had Petitioner filed a motion for interim fees and costs at some earlier point, the motion likely would have been granted.

---

[3] Based on Mr. Knight's location in Chicago, Illinois metropolitan region, the undersigned is satisfied that Mr. Knight is entitled to forum rates.

Petitioner notes that her attorneys "never sought interim fees or costs. Instead, they worked for over 7 years without any compensation for their work or any reimbursement for necessary costs advanced, including their expert physician witness and life care planner expenses. To pursue a case for that long without any cash flow or reimbursement for costs of litigation advanced, is both a significant financial sacrifice and a substantial financial risk." Fees App. at 22. At bottom, this is a litigation choice made by counsel. An avenue for earlier reimbursement was available but counsel decided not to avail themselves of this option. The affirmative choice not to seek reimbursement earlier cannot form the basis to award attorneys' fees in a higher amount than what is allowed by the Vaccine Program's own policy. Further, Petitioner has offered no evidence of the Court ever awarding an attorney a rate higher than what is prescribed in the fee charts.

Based on the foregoing, the undersigned finds it reasonable to reimburse Mr. Thomas Knight's work in this case at the following hourly rates: $420.00 per hour for work performed in 2014, $430.00 per hour for work performed in 2015-2016, $440.00 per hour for work performed in 2017, $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 per hour for work performed in 2021. Application of these rates results in a reduction of $23,691.30.[4]

The undersigned next turns to establishing reasonable hourly rates for Mr. Michael Knight. Mr. Knight was admitted to the bar in 2013, giving him approximately one year of experience when he began work on this case in 2014 and eight years of experience in 2021. Petitioner has requested Mr. Knight receive an hourly rate of $370.00 per hour for all work in this case, representing a midway point in the range of $325.00-$414.00 per hour prescribed for attorneys with 8-10 years of experience in 2021 by the OSM fee schedule. Given Mr. Knight's role in this case was not as undersigned counsel but as support to his father, the undersigned has far less in the record to determine the quality of his work. Based upon the submitted billing records, Mr. Knight's main role was to review medical records, review work product produced by petitioner's medical expert and life care planner, draft some routine filings, and crunch numbers for Petitioner's lost wages.

Mr. Knight's background in personal injury and medical malpractice law no doubt gives him the skills necessary for such tasks, but that would put him on par with many other Vaccine Program practitioners. In the undersigned's experience, it is unlikely that *any* attorney with 8 years of experience would command a 2021 rate of $370.00 absent extraordinary circumstances such as all of that experience coming from Vaccine Program litigation. For all the above reasons, the undersigned finds the following hourly rates to be reasonable for Mr. Michael Knight: $175.00 per hour for work performed in 2014, $200.00 per hour for work performed in 2015, $265.00 per hour for work performed in 2017,[5] $280.00 per hour for work performed in 2018, $295.00 per hour for

---

[4] This amount was calculated as follows:
2014: ($509.00 per hour billed - $420.00 per hour awarded) * 7.4 hours billed = $658.60.
2015 & 2016: ($509.00 per hour billed - $430.00 per hour awarded) * 51.0 hours billed = $4,029.00.
2017: ($509.00 per hour billed - $440.00 per hour awarded) * 117.9 hours billed = $8,135.10.
2018: ($509.00 per hour billed - $455.00 per hour awarded) * 66.9 hours billed = $3,612.60.
2019: ($509.00 per hour billed - $464.00 per hour awarded) * 78.3 hours billed = $3,523.50.
2020: ($509.00 per hour billed - $484.00 per hour awarded) * 149.3 hours billed = $3,732.50.
[5] The undersigned notes that Mr. Knight did not perform any case work in this matter in 2016.

work performed in 2019, $310.00 per hour for work performed in 2020, and $350.00 per hour for work performed in 2021. Application of these rates results in a reduction of $10,639.00.[6]

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed which has aided the undersigned in her task to determine whether the hours billed were reasonable. One issue which requires reduction however is time billed by attorneys on tasks which are considered paralegal in nature. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Traditionally in the Vaccine Program, tasks such as preparing requests for medical records, organizing and preparing medical records for filing (whether that be scanning received paper documents or preparing digital documents on a CD), and downloading various documents and filings are considered paralegal in nature because it does not require any specialized legal training to perform these tasks.

In the undersigned's review, she found many instances of counsel billing attorney rates to perform these paralegal tasks. For Mr. Thomas Knight, examples can be found in billing entries dated 1/14/16, 1/18/16, 1/25/16, 4/18/16, 4/29/16, 1/9/17, 2/22/19, 2/26/19, 10/5/21, and 10/6/21. For Mr. Michael Knight, examples can be found in billing entries dated 1/6/17, 1/9/17, 1/10/17, 1/11/17, 1/12/17, 1/16/17, 1/17/17, 1/19/17, 10/4/17, 11/3/17, 12/21/17, 12/27/17, 12/20/18, 2/25/19, 2/26/19, 10/3/19, 12/9/19, 3/16/20, and 8/6/20. *See generally* Fees App.

For all these reasons, the undersigned finds that a reduction of $6,000.00 to the attorneys' fees is necessary to achieve "rough justice.' *See Florence v. Sec'y of Health & Human Servs.,* No.

---

[6] This amount was calculated as follows:
2014: ($370.00 per hour requested - $175.00 per hour awarded) * 1.0 hour billed = $195.00.
2015: ($370.00 per hour requested - $200.00 per hour awarded) * 1.0 hour billed = $170.00.
2017: ($370.00 per hour requested - $265.00 per hour awarded) * 44.0 hours billed = $4,620.00.
2018: ($370.00 per hour requested - $280.00 per hour awarded) * 9.0 hours billed = $810.00.
2019: ($370.00 per hour requested - $295.00 per hour awarded) * 13.3 hours billed = $1,064.00.
2020: ($370.00 per hour requested - $310.00 per hour awarded) * 51.5 hours billed = $3,090.00.
2021: ($370.00 per hour requested - $350.00 per hour awarded) * 34.5 hours billed = $690.00.

15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $260,676.20.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $18,955.49 in attorneys' costs. Fees App. Ex. 2 at 2. This amount is comprised of acquiring medical records, the Court's filing fee, postage, and work performed by petitioner's life care planner and Dr. Michael Levy, a neurologist. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner has provided adequate documentation supporting the request. Accordingly, the requested attorneys' costs are reasonable and shall be reimbursed in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $301,006.50 |
| (Reduction to Fees) | - ($40,330.30) |
| **Total Attorneys' Fees Awarded** | **$260,676.20** |
| | |
| Attorneys' Costs Requested | $18,955.49 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$18,955.49** |
| | |
| **Total Attorneys' Fees and Costs** | **$279,631.69** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $279,631.69, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Thomas Knight.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master